Brooke, J.
I was surprised, not at the ability (for of that we have had other examples) but by the earnestness with which this case was argued by the counsel of the appellees. Relying on the decision in the house of lords in the case of Rowe v. Young, 2 Brod. & Bing. 165. they overlooked the cases decided in this country. In the case in the supreme court of Wallace v. M’ Connell, 13 Peters 136. they would have seen in the opinion of justice Thompson, who delivered the judgment of the court, the whole doctrine on the point before that court thoroughly examined, and all the eases in England and this country cited. The difference between the king’s bench and common pleas on this point is very remarkable; the first holding that it was unnecessary to aver presentment of a bill of exchange at the time and place specified in the acceptance of the bill, to sustain the action by the holder; and the other, *524 that without such averment and proof, the plaintiff not maintain the action. So also on a note in which the time and place are specified on its face. In the case before cited of Wallace v. M’ Connell, a very pr0per notice is taken of the able discussion by the president of this court in the case of Watkins v. Crouch & Co. 5 Leigh 540. Though I differed with the court in that case, it was not on the question now before us, or the principle which ought to govern its decision. I differed with the president in thinking that the question as regarded the indorser (for there was no question as to the drawer of the note) was not the question of indemnity by the deed of trust, but a question of notice to the indorser that the note would be dishonoured when due, and that he would be looked to for payment. I thought (as will be seen by reference to my opinion) that the circumstances therein enumerated were full proof of notice, nor could I see that full indemnity by the deed of trust was material. I could not see that to the indorser, having full notice that the note would not be paid, the presentment of it at the time and place specified in it was of the smallest importance. I thought it of no more importance to him than the drawer, and that substance was sacrificed to technicality in holding a different opinion.
I concur entirely in the opinion delivered by judge Stanard in this case, and in the entry agreed upon.
Tuckek, P.
The principal question which has been discussed in this case is, whether it is necessary, in a declaration on a promissory note against the maker, to aver a presentment and demand at the time and place specified on the face of the note for its payment ? This question was so fully examined by me in the case of Watkins v. Crouch & Co. 5 Leigh 522. that I have only found it necessary to look again very narrowly into the grounds of the opinion there given, and to weigh the *525 additional considerations which have been presented to the court in the able argument of this case. I have done so, and still adhere to my former opinion, that in an action against the maker of a promissory note, the plaintiff is under no obligation to aver in his declaration a presentment and demand at the place and on the day specified in the note for payment. The only consequence of his neglect to present is that the maker, if he was ready at the time and place to make the payment, may plead that matter in bar of damages and costs; but he must at the same time bring the money into court, which the plaintiff will be entitled to receive. A further consequence indeed might follow, if any loss had been sustained by occasion of his failure to present; but this must be set up as matter of defence. These principles are so ably sustained by a majority of the judges in the case of Rowe v. Young, 2 Brod. & Bingham 165. as to render unnecessary any farther attempt to fortify and support them. That case was indeed against the acceptor of a bill of exchange; but the decision as to him was founded upon the theory of bills of exchange, that he is the real debtor: which is undeniably the case with the maker of the note. In that case too, as in this, the declaration omitted the averment of demand at the time and place, and upon a demurrer for that cause, a majority of the judges were of opinion that the declaration was good.
Much argument was used to prove that by the law of Maryland this note would stand upon the footing of bills of exchange, and that, as it was payable in that part of the district which is governed by the laws of Maryland, it must be so considered here. Besides, however, the defect in the case in not finding what the law of Maryland is (which we apprehend to be necessary if this cause is to be decided under it), it turns out upon examination, unpropitiously for the argument, that the court of appeals have solemnly decided the question in *526 that state against the necessity of averring a presentment of the note at the time and place appointed for the payment, although it is conceded that promissory notes are there considered as standing upon the footing 0f 0f exchange. Bowie v. Duvall, 1 Gill & Johns. 175. If then the law of the place of payment governs the case, it must be decided against the defendant; and if the lex loci contractus prevails, the note is not commercial paper, and must be governed by those common law rules which regard the presentment at the time and place of payment not as a condition precedent to be performed by the creditor, but as a mere matter of arrangement, which, if not complied with by him, will enable the defendant to save the damages and costs, if he is punctual to the engagement on his part: but ■he must bring the money into court; for that is necessary in the yet stronger case of a tender of the money by the debtor, and a refusal to receive it by the creditor. 6 Bae. Abr. 464. 465.
According to my view of this case, then, the instruction given was erroneous; the demurrer to the second count should have been overruled, and judgment entered for the plaintiff on that count. I should therefore be of opinion to reverse the judgment, set aside the verdict, and (entering such judgment as the court below ought to have rendered) to overrule the demurrer, and enter judgment for the plaintiff on the second count, with an award of a writ of enquiry of damages, granting leave to the defendants to plead any other plea to the said count if they please. The cause should then go back for a new trial upon the other issues' and the writ of enquiry on the second count. My brethren, however, prefer .a somewhat different entry, which will accordingly be made.
The entry in the court of appeals was in the following terms r
*527 “ The court is of opinion that the superior court erred in sustaining the demurrer to the second count of the declaration, and also in its instruction to the jury, that the plaintiff was not entitled to recover on the first count, because he had not proved presentment and demand of the note, at its maturity, at the office of discount and deposit of the bank of the United States in Washington; and that the said judgment is erroneous:” Therefore judgment reversed, demurrer to second count overruled, verdict on the issue to the country set aside, and cause remanded to circuit court for a new trial of the issue to be had in conformity with the foregoing judgment.